OPINION
{¶ 1} Defendant-appellant Carlos Debrill appeals from his conviction and sentence, following a bench trial, for one count of Possession of Cocaine in an amount equaling or exceeding 25 grams, but less than 100 grams, a felony of the third degree, and one count of Possession of Crack Cocaine, in an amount less than one gram, a felony of the fifth degree. Debrill's appellate counsel has filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, reflecting that he has found no potential assignments of error having arguable merit. After performing our duty to review the record independently, we have not found any potential assignments of error having arguable merit, either. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In September, 2004, a uniformed Dayton police officer, during his routine patrol, noticed Debrill sitting on his front porch. The officer thought he recalled information he had come across some time in the last month that Debrill, a resident at that address, was the subject of an arrest warrant for Domestic Violence. The officer drove his cruiser around to the other side of the block, stopped, and checked his computer terminal. This confirmed that there was an outstanding warrant for Debrill's arrest.
 {¶ 3} The officer then continued around the block, parked near Debrill's house, and approached Debrill. The porch on which Debrill was sitting was not an enclosed porch, but a concrete slab "filling out" a rectangle made by adding the porch area to the area of Debrill's L-shaped house. The officer confirmed Debrill's identity, told him that he had a warrant for Debrill's arrest, and then effected the arrest by handcuffing Debrill. Although Debrill initially put his hands behind his back, as requested, at one point he began reaching out with one hand. The officer grabbed that hand and cuffed it. No other force or violence was used to effect Debrill's arrest. There is no evidence in the record that the officer went inside Debrill's house.
 {¶ 4} While searching Debrill's person after arresting him, the officer found two plastic bags, one in each pocket. One of these contained two pieces of crack cocaine; the other contained powdered cocaine. At trial, the identity and quantity of these substances was stipulated. The officer testified at trial that the contraband in each bag was clearly visible when each bag was removed from Debrill's pocket. Debrill testified that the bag containing powdered cocaine was wrapped in brown paper, so that the powdered cocaine was not visible.
 {¶ 5} Once Debrill was in the police cruiser, the officer advised him of his Miranda rights, and Debrill agreed to answer the officer's questions. He said that a friend, known only to him as Shawn, had given him the bags shortly before his arrest, to hold temporarily while Shawn went to buy some beer, evidently for Debrill. Debrill acknowledged to the officer that he had a "good idea" what had been given to him to hold. When asked why he put the items in two different pockets, if he was just holding them temporarily for his friend, Debrill had no answer. At trial Debrill denied having acknowledged that he had a "good idea" what was in both bags, since, according to his testimony, he couldn't see what was in the bag wrapped with brown paper, but he did acknowledge that he had a "good idea" what the two visible small rocks were in the plastic bag that he could see into.
 {¶ 6} Debrill was charged by indictment with one count of Possession of Cocaine, a felony of the third degree, and one count of Possession of Crack Cocaine, a felony of the fifth degree. He moved to suppress the evidence, contending that it was obtained as a result of an unlawful search and seizure. Following a hearing at which the arresting officer testified, this motion was denied.
 {¶ 7} Following a bench trial, at which both the arresting officer and Debrill testified, Debrill was convicted on both counts. He was later sentenced to imprisonment for one year on the third-degree felony, with a mandatory fine of $5,000, and to six months on the fifth-degree felony, to be served concurrently with the one-year sentence. His driver's license was suspended for one year. From his conviction and sentence, Debrill appeals.
 II {¶ 8} Debrill's appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, indicating that he could find no potential assignments of error having arguable merit. By entry filed herein on August 23, 2005, we allowed Debrill 60 days within which to file his own, pro se brief. He has not done so.
 {¶ 9} We have performed our duty, under Anders v.California, supra, to review the record independently, including the video transcripts of both the suppression hearing and the trial. We have found no potential assignments of error having arguable merit. There were no evidentiary rulings during either hearing. Debrill's trial counsel performed admirably, under the circumstances, but he had no ammunition. At the suppression hearing, he attempted to exploit the fact that the arresting officer had some suspicions concerning Debrill's involvement in drug transactions that would not rise to the level of probable cause, but the officer did not approach Debrill, much less arrest him, until the officer confirmed that there was an outstanding warrant for Debrill's arrest. The officer testified that he routinely arrests individuals he comes across during his regular patrolling duties when he finds that there is an outstanding warrant for their arrest. Also, there was no forcible entry into Debrill's house, which might have invoked application of the knock-and-announce rule.
 {¶ 10} At trial, Debrill's attorney argued that Debrill did not knowingly possess the drugs, which was the only possible argument to make. The trial judge found that Debrill had acknowledged knowing what was in the baggie containing crack cocaine, and found overwhelming circumstantial evidence that Debrill knew, constructively at least, that illegal drugs were in the other bag, even assuming the truth of his story about his friend, Shawn, and his testimony that the bag containing powdered cocaine was wrapped with brown paper, making it impossible to see the contents, which was contradicted by the arresting officer.
 {¶ 11} In short, we have found no potential assignments of error having arguable merit, and conclude that this appeal is wholly frivolous.
 III {¶ 12} There being no potential assignments of error having arguable merit, and this appeal being wholly frivolous, the judgment of the trial court is Affirmed.
Wolff and Grady, JJ., concur.